UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Criminal No. 2:11cr112

MITCHELL ROBERT FAULKNER,

        Defendant.

## MEMORANDUM ORDER

This matter comes before the Court on Mitchell Robert Faulkner's ("Defendant") Motion for Correction of Record Pursuant to Rule 36 of the Federal Rules of Criminal Procedure ("Rule 36 Motion"). ECF No. 60. Defendant seeks to correct an alleged clerical error in the Presentence Investigation Report ("PSR") prepared for his sentencing. Defendant argues that, due to the alleged clerical error, he was improperly assessed with an additional two Criminal History points, which raised his Criminal History Category from a III to a IV. For the reasons discussed below, Defendant's Motion is **DENIED** on the merits, and alternatively, Defendant's Motion is **DENIED** because Defendant waived his opportunity to object to the two additional Criminal History points.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On July 8, 2011, a grand jury returned a 5-count Indictment against Defendant, in open court, for several drug and firearm-

1

related felonies. Indictment, ECF NO. 5. On September 27, 2011, Defendant pled guilty to (1) Conspiracy to Distribute Marijuana, and (2) Possession of a Firearm in Furtherance of a Drug Trafficking crime, pursuant to a written Plea Agreement. Plea Agreement, 1-2, ECF No. 37.

Prior to sentencing, the Probation Office prepared a PSR that attributed Defendant with eight Criminal History points, and calculated a Criminal History Category of IV. Presentence Investigation Report, 31-33, ECF No. 44 [hereinafter "PSR"]. The PSR attributed Defendant with six Criminal History points based on prior petit larceny and drug offenses. Id. The PSR also attributed Defendant with an additional two Criminal History points for committing the instant offenses while on probation. U.S. Sentencing Guidelines Manual § 4A1.1(d); PSR at 33. The PSR indicated that Defendant's offense conduct began in 2006 and continued until August 26, 2010. PSR at 5. During that time period, Defendant was on unsupervised probation related to a 2006 probation revocation and supervised probation related to a 2006 conviction for possession of marijuana with intent to distribute in Virginia Beach, Virginia. Id. at 12-14.

Prior to sentencing, Defendant objected to his Criminal History Category IV. Defendant argued that, among other things, he should not receive two Criminal History points for having committed the offenses while on probation because Defendant's

2

probation concluded prior to when the drug conspiracy began. Position of Def. with Regard to Sentencing Factors, 1, ECF No. 46. Defendant argued at least one of his objections at sentencing; however, this Court's records indicate that Defendant withdrew his objection to the additional two Criminal History points at his sentencing hearing. The factual statements contained in the PSR were then adopted by the Court without change, and Defendant was sentenced to a total of 123 months imprisonment based on a Criminal History Category of IV. Minutes, 1, ECF No. 49.

Defendant filed his Rule 36 Motion on February 8, 2016. ECF No. 60. Defendant's Motion argues that the PSR contains a clerical error because Defendant's probation for the convictions in Virginia Beach, Virginia concluded before Defendant engaged in the drug and gun offenses to which he pled guilty. Similar to Defendant's withdrawn objection during sentencing, Defendant argues that he was improperly assessed with two additional Criminal History points for committing the instant offenses while on probation. The Government did not respond to Defendant's Rule 36 Motion. Accordingly, this matter is ripe for review.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 36 permits a court to "at any time correct a clerical error in a judgment, order, or

3

other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. District courts "employ Rule 36 to correct errors that are clerical, rather than legal, in nature. <u>United States v. Postell</u>, 412 F. App'x 568, 569 (4th Cir. 2011) (unpublished) (citing <u>United States v. Johnson</u>, 571 F.3d 716, 718 (7th Cir. 2009); <u>United States v. Buendia-Rangel</u>, 553 F.3d 378, 379 (5th Cir. 2008) (per curiam)). "Clerical errors are narrowly defined. '[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" <u>United States v. Burwell</u>, No. 3:03cr203, 2011 WL 9529405, at *2 (E.D. Va. July 8, 2011) <u>aff'd,</u> 461 F. App'x 349 (4th Cir. 2012)(unpublished) (quoting <u>United States v. Burd</u>, 86 F.3d 285, 288 (2d Cir. 1996)). Rule 36 motions "are not the proper vehicle for challenging the substance of the information in a presentence report." <u>United States v. Wilkes</u>, 376 F. App'x 295, 296 (4th Cir. 2010) (unpublished). Instead, challenges to a PSR should be filed with the Court prior to sentencing and the Court's review of the factual statements within the PSR. <u>Id.</u> (citing Fed. R. Crim. P. 32(f)).

### III. DISCUSSION

Plaintiff has not identified a clerical error in his PSR that may be remedied under Rule 36. First, the PSR appears to

provide accurate information regarding Defendant's probation periods and his offense conduct. The PSR indicates that Defendant was on probation as a result of a state conviction and a state probation revocation from August 9, 2006 until February 18, 2010. PSR at 14. Defendant engaged in the drug and gun offenses, to which he pled guilty, from 2006 through 2010. Id. at 5. Thus, Defendant engaged in the offense conduct while he was on probation and the additional two Criminal History points are appropriate. See United States v. Sotelo, 177 F. App'x 366, 367 (4th Cir. 2006) (unpublished) (finding that Defendant's term of "good behavior" was a criminal justice sentence, re-entering the United States during that period was part of the instant violation, and that the assessment of two Criminal History points for such conduct was appropriate); United States v. Sellers, No. 98-4321, 2000 WL 1161698, at *4 (4th Cir. Aug. 17, 2000) (finding that "unsupervised probation" is a criminal justice sentence, and the addition of two Criminal History points, because offense conduct took place during the period of unsupervised probation, was appropriate); U.S. Sentencing Guidelines Manual § 4A1.1(d).

Second, even assuming that Defendant did not engage in offense conduct while on probation, such an error is not "clerical" and capable of remedy under Rule 36. The PSR indicates that Defendant engaged in multiple drug transactions

5

in furtherance of the conspiracy to which he pled guilty between 2006 and 2010, and that Defendant possessed several firearms related to those drug transactions. PSR at 5. The Court, based upon the Probation Officer's and the parties' representations, accepted those factual statements during the sentencing hearing, Minutes at 1, and calculated a Criminal History Category of IV. Such an error is not "clerical," but would be a legal error or an error in judgment. As noted above, a Rule 36 motion is not the "proper vehicle" for challenging the Court's legal determinations. Wilkes, 376 F. App'x at 296. Therefore, the Court **DENIES** Defendant's Rule 36 Motion to correct a "clerical error" in his PSR.

Alternatively, construing Defendant's Motion as a substantive objection to his PSR, such objection has been waived. As noted above, prior to sentencing, Defendant raised an objection to the assessment of the two additional Criminal History points. However, at sentencing, Defendant withdrew this objection and the factual statements contained in the PSR were adopted, without modification, by the Court. Thus, Defendant has waived such objection. United States v. Kiser, 322 F. App'x 293, 294 (4th Cir. 2009) (unpublished) (noting that a defendant may waive review "of an alleged error in sentencing if he raises and then knowingly withdraws an objection to the error" (citing United States v. Horsfall, 552 F.3d 1275, 1283 (11th Cir. 2008);

6

United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002)). Therefore, even if the instant motion were a substantive objection to Defendant's PSR, the Court **DENIES** the Motion because Defendant waived such objection at sentencing.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion is **DENIED** on the merits, and alternatively, Defendant's Motion is **DENIED** because Defendant waived his opportunity to object to the two additional Criminal History points at sentencing.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to Defendant and to the United States Attorney's Office in Norfolk, Virginia.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 31, 2016